I concur in the judgment of the majority. Although the parties apparently presumed that the difference between an assault under R.C. 2903.13 and a domestic violence charge under R.C. 2919.25
rests upon the relationship of the perpetrator to the victim, an additional distinction between those two crimes is found in R.C.2919.25 (E) (1), i.e., that the victim "is residing or has resided with the offender."
A review of the transcript of proceedings indicate that but for the following non-responsive and offhand comment of the victim, one of the necessary elements of a domestic violence charge would not have been established:
"Q How long have you known Paul Hackman?
A. Since he married my sister.
Q. How long has that been?
 A. I have no idea, um, if I had to guess, I'd say 4 to 6 years, somewhere in there. They lived with me at one time."
Neither the prosecutor or defense counsel elaborated upon or directly inquired as to the aforementioned residency requirement of the statute. Moreover, the issue was not assigned as error. Accordingly, I must conclude that the foregoing quoted reference from the transcript was sufficient to meet an essential element of the crime of domestic violence. As I agree with the response of my colleagues relative to the assignments of error set forth by appellant, I concur in all other aspects of their opinion.
 ______________________________ JOSEPH J. VUKOVICH, JUDGE